## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GABRIELLA MENGEL,**

    **CASE NO.:**

    **Plaintiff,**

vs.

**CHHJ FRANCHISING L.L.C.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, GABRIELLA MENGEL, hereinafter referred to as "PLAINTIFF" by and through her undersigned counsel, and sues the Defendant, CHHJ FRANCHISING, L.L.C. hereinafter referred to as "DEFENDANT" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. At all times material herein, Plaintiff was and is resident of Hillsborough County, Florida.

4. Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of the charge is attached as Exhibit "A".

8. Plaintiff then received a Notice of Right to Sue from the EEOC. A copy of the Right to Sue letter is attached as Exhibit "B".

9. Plaintiff intends to amend her Complaint to add claims under Florida Statutes Chapter 760 once 180 days has passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment on or about March 2019, as a Sales Agent.

11. Plaintiff is a qualified individual with a disability.

12. Plaintiff had an unblemished personnel file and was selected for the "Hunk Brigade".

13. On July 29, 2019, Plaintiff was involved in a serious automobile collision resulting in a serious health condition and qualified disability.

14. Plaintiff, through her physician requested reasonable accommodations including short breaks as necessary and an ergonomic chair, which were denied.

15. Plaintiff also requested to work from home because she had the use of an ergonomic chair at home.

16. Defendant refused to provide Plaintiff with the ability to work from home despite other agents throughout the country doing so.

17. Plaintiff officially got married on the corporate premises on October 17, 2019.

18. Plaintiff and her husband had planned a more traditional wedding ceremony for February 2020. Plaintiff's managers would make sarcastic and offensive comments when they knew Plaintiff was taking time to plan for the wedding ceremony referencing her time off due to her health condition.

19. Defendant had a no-fault attendance policy that was not uniformly applied to employees of the company.

20. Had Defendant provided the requested accommodation, Plaintiff would not have incurred some of the points under the attendance policy.

21. Plaintiff was also consulting with physicians about the need for surgical intervention for her condition. Plaintiff informed her managers and Human Resources that surgery may be necessary.

22. On January 22, 2020, Plaintiff was terminated.

23. During the termination meeting Plaintiff was told that they hated to see her go, that she was such a good sales agent but that she should go have her surgery and come back in three months.

24. Plaintiff's supervisor also informed her that they didn't believe she was in pain because she would on occasion return to work after leaving for the day.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

25. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 as if set out in full hereafter.

26. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

27. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

28. By the conduct described above, Defendant engaged in unlawful

employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMADATE**

30. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 as if set out in full hereafter.

31. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee

within the meaning of the ADAAA.

32. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

33. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

34. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

35.  Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 as if set out in full hereafter.

36.  Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

37.  The above described acts constitute retaliation, in violation of the ADAAA.

38.  As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a.  Back pay and benefits;

   b.  Interest on back pay and benefits;

   c.  Front pay and benefits;

   d.  Compensatory damages;

   e.  Pecuniary and non-pecuniary losses;

   f.  Attorney's fees and costs; and

   g.  For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief

allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**DATED** this 22nd day of March 2021.

>FLORIN GRAY BOUZAS OWENS, LLC
>
>/s/Wolfgang M. Florin
>WOLFGANG M. FLORIN, ESQUIRE
>Florida Bar No.: 907804
>wolfgang@fgbolaw.com
>CHRISTOPHER D. GRAY, ESQUIRE
>Florida Bar No.: 902004
>chris@fgbolaw.com
>16524 Pointe Village Drive, Suite 100
>Lutz, FL 33558
>Telephone (727) 254-5255
>Facsimile (727) 483-7942
>Attorneys for Plaintiff